THE STATE *v.* THOMAS CRAWFORD, alias ROBERT CRANE.

Under an indictment for forgery and uttering as true a forged "order for the payment of money," which was set forth *in hæc verba* in the bill of indictment—the accused cannot except to the admission in evidence of an instrument corresponding exactly with that set forth in the indictment, upon the ground that it was styled in the bill "an order for the payment of money," whereas it was in reality a "check."

A check is an order for the payment of money.

Any lack of definiteness or technicality in the name given to the instrument alleged to have been forged, was cured by setting forth the instrument in full in the bill.

APPEAL from the First District Court of New Orleans, *Hunt,* J.

 *E. W. Moïse,* Attorney General, for the State.

SPOFFORD, J. This case comes up on a single bill of exceptions.

The accused having been indicted for forging and for uttering as true a forged "order for the payment of money," which was set forth *in hæc verba* in the bill of indictment, upon his trial excepted to the admission in evidence of an instrument corresponding exactly with that set out in the indictment, upon the ground that it was styled in the bill an "order for the payment of money," whereas it was in reality a "check."

The objection was properly overruled.

A check is an order for the payment of money. Burrill's Law Dic. verbo Check. Edwards on Bills and Notes, pp. 57, 1.

And if there were any lack of definiteness or technicality in the name given to the instrument alleged to have been forged, it was cured by setting forth the instrument in full in the bill. *Regina* v. *Williams,* 2 Eng. Law and Equity Rep. p. 533.

Judgment affirmed.